**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **ANA EVERILDA DIAZ PASCUAL** | **CASE NO. 6:26-CV-2272 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MICHA NEAL, ET AL.** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Ana Everilda Diaz Pascual ("Petitioner'), pursuant to 28 U.S.C. § 2241. Petitioner is an immigration detainee at the South Louisiana ICE Processing Center in Basile, Louisiana. Petitioner challenges her detention and seeks her immediate release.

Petitioner is a native and citizen of Guatemala. On September 27, 2016, Petitioner entered the United States. On August 20, 2019, Petitioner was ordered removed but granted withholding of removal. Petitioner was released under an Order of Supervision (Doc. 1-2, pp. 5, 11; Doc. 6, p.1; Doc. 6-2 and Doc. 6-3).

On June 11, 2026, Petitioner was taken into ICE custody and served a Notice of Revocation of Release and Notice of Imminent Removal. Petitioner was served with a Notice of Removal to Mexico on July 8, 2026. Enforcement and Removal Operations anticipates an imminent removal to Mexico (Doc. 6, p. 1; Doc. 6-3 and Doc. 6-4)

For the reasons stated below, Petitioner's application for habeas relief seeking her release from detention should be dismissed without prejudice as premature.

## LAW AND ANALYSIS

In Zadvydas v. Davis, 533 U.S. 678, 701 (2001), the Supreme Court held that if an alien is detained for six months after a final order of removal and if the alien petitioning for habeas corpus "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Petitioner's claim is premature because when she filed this proceeding, she had not been detained for more than six months. Although Petitioner was ordered removed from the United States on August 20, 2019, she has only been detained since June 11, 2026. Petitioner filed this proceeding on June 29, 2026, less than six months after she was detained on June 11, 2026. The court notes that six months

after June 11, 2026, is December 11, 2026. See Chance v. Napolitano, 453 F. App'x 535 (5th Cir. 2011) (per curiam) (concluding that the district court did not err in finding that the "challenge to [petitioner's] continued post removal detention was premature" when the petitioner "had not been in post-removal-order detention longer than the presumptively reasonable six-month period" authorized by Zadvydas).

Accordingly, Petitioner's application for habeas relief should be denied as premature. Petitioner may refile her habeas petition should her detention become unconstitutional.

Accordingly, **IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED** as premature.

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Lafayette, Louisiana, on this the 28th day of September 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE